IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Bellamy, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff, 　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　vs.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>Waffle House; Ambrelle Jenrette; and )<br>Kelsey Mills,　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants.　　　　　　)　 | Case No.: 4:24-cv-06661-JD-KDW<br><br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 31), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Albert Bellamy's ("Plaintiff" or "Bellamy") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Bellamy, proceeding *pro se*, sued Defendants Waffle House ("Waffle House"), Ambrelle Jenrette ("Jenrette"), and Kelsey Mills ("Mills") (collectively "Defendants") alleging Mills and Jenrette discriminated against him because of his race, color, and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

age while he was a customer at the Waffle House in Little River, South Carolina. (DE 27.) Specifically, Plaintiff alleges that on November 20, 2023, he was verbally abused and publicly humiliated when everyone heard Mills call him the color of the coffee, which was black. (*Id.*) Then, on January 7, 2024, Plaintiff alleges he was humiliated when Jenrette yelled, "Dark like you[,]" when he asked for a dark roasted coffee and also called him an old man. (*Id.*) Plaintiff seeks $450,000 in damages. (*Id.*)

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on February 11, 2025, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing Plaintiff's complaint without prejudice and without service of process because Plaintiff's supplemental complaint fails to state a claim upon which relief can be granted. (DE 31.) The Magistrate Judge allowed Plaintiff to correct the defects in his Complaint and further warned Plaintiff that if he failed to cure the identified deficiencies, she would recommend that the action be dismissed without leave for further amendment. Although Plaintiff filed a supplemental Complaint, it fails to correct the deficiencies because Plaintiff asserts discrimination claims against Defendants under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, and the statute only authorizes suits for injunctive or declaratory relief.

However, Plaintiff seeks only monetary damages. On February 1, 2025, Plaintiff objected to the Report. (DE 35.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff made this objection to the Report:

> To the Honorable Judge, I, Albert Bellamy as Pro SE did the best of my knowledge. I do not have the skills of an attorney. I am trying to fight for my rights after being discriminated against by disrespectful waitresses at the Waffle House. As a law abiding citizen, I am asking for justice from the courts. I feel this is the appropriate way to handle the situation by going through the district court.

(DE 35) (errors in original.) However, Plaintiff's objection does not address the limits of the statute under which Plaintiff seeks redress. Plaintiff seeks monetary damages,

3

but the only relief available under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, is injunctive or declaratory relief. *See Newman v. Piggie Park Enterprises*, Inc., 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [42 U.S.C. § 2000a et seq.], he cannot recover damages.") Therefore, Plaintiff's objection is overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 31) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's supplemental complaint (DE 1-3) is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 1, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.